FILED
CLERK, U.S. DISTRICT COURT
JUN 2 3 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. NELSON,<br>    Petitioner,<br>v.<br>TERESER A. BANKS, et al.,<br>    Respondents. | Case No. CV 10-4398 PA (AN)<br><br>ORDER DISMISSING HABEAS PETITION FOR LACK OF JURISDICTION |

## I. Introduction

On June 15, 2010, petitioner David J. Nelson ("Petitioner") filed his pending petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241 ("§ 2241"). For the reasons discussed below, the reference to the magistrate judge is vacated and the Petition is summarily dismissed for lack of jurisdiction.

## II. Discussion

### A. Standard of Review

"Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam; citations and quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Local Rule 72-3.2 of this court further provides that "if it plainly appears from the face of the [habeas] petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

**B.     Analysis**

Petitioner alleges he is federal inmate number 15151-180 and that he is imprisoned at the Federal Correctional Institution (FCI II) in Victorville, California ("Victorville FCI"). The official records of the Federal Bureau of Prisons ("BOP"), which are available at www.bop.gov, confirm that Petitioner is confined at the Victorville FCI II. However, the BOP's records disclose Petitioner's true name is Robert David Neal, not David J. Nelson as he states in the Petition, and that Petitioner's release date is January 28, 2031.

The Petition represents Petitioner is currently imprisoned pursuant to a sentence for a wire fraud conviction that was imposed against Petitioner in case no. 3:06-CR-335. (Pet. at 1.) PACER records establish Petitioner sustained his sentence in the Northern District of Texas in case no. USDC No. 3:06-CR-335, and the Fifth Circuit's related opinion affirming Petitioner's wire fraud conviction states Petitioner is currently serving a 327-month sentence. *United States v. Robert David Neal*, no. 07-11047, op. at 1 (5th Cir. Sept. 24, 2008) ("*Neal*")  The Fifth Circuit's opinion in *Neal* also reveals Petitioner is known by at least two other aliases, that he is an inveterate fraudster and con artist who has previously been convicted of filing false tax returns (for which he served a twenty-seven month prison term), and that he brazenly drafted a phony court order and forged the federal district judge's signature in order to falsely alter a condition of his supervised release in his tax fraud case. *Neal* at 2.

Regardless, this court lacks jurisdiction under § 2241 because the purported claim is not directed at the execution of his sentence stemming from his wire fraud sentence. See *Hernandez*, 204 F.3d at 864 (holding a § 2241 habeas petition is the proper mechanism for a federal prisoner seeking to challenge the manner, location or conditions

of the execution of his sentence). Indeed, the purported claim is not directed at the execution of his sentence and is patently frivolous as a matter of fact and law because it is directed at a *civil* judgment entered against him in an unrelated case filed in the United States District Court for the Northern District of California. Specifically, Petitioner claims "[t]his Petitioner is being held in violation of a final court judgement which states otherwise." (Pet., ¶9(a).) But the judgment he refers to is not the judgment entered in case no. 3:06-CR-335. Rather, Petitioner expressly alleges the judgment that his claim is based upon is the "final judgment in case number 4:09-05162-PJH in the United States District court for Northern California." (*Id*.) PACER records establish this Northern District of California case is a <u>civil</u> case where Petitioner ostensibly stipulated to a civil judgment to be entered against him and in favor of a plaintiff named David J. Nelson. *Nelson v. Neal*, no. C 09-5162 PJH, Amended Judgment (N.D. Cal. Mar. 16, 2010) ("*Nelson* lawsuit"). The court also observes the purported signatures of David J. Nelson on the complaint (dkt. 1) and the notice of acceptance of offer (dkt. 5) are suspiciously dissimilar and tend to indicate the *Nelson* lawsuit may be another one of Petitioner's many frauds. Indeed, in addition to creating a phony order and forging a federal district judge's signature, the Fifth Circuit's *Neal* opinion also states:

> Following indictment, Neal sent numerous letters from prison in which he attempted to coerce testimony from witnesses concerning the scope of the deal with ECI and Doctors Community. Neal wrote to Lawrence Hoover, who had helped Neal to incorporate his bogus companies, stating that if they were able to "lift [the ECI deal] off of us, the dollar amount of fraud they have on us is minimal." According to the testimony of FBI Special Agent Jody Windle, Neal also threatened the life of the Assistant U.S. Attorney prosecuting the case, attempted to recruit people to continue the scheme after he was arrested, and planned to engage in insurance fraud after serving his

> sentence. His letters detailed plans to have his fingerprints permanently altered, so that he could flee the country and commit frauds with impunity from an offshore location.

*Neal* at 3. In any event, to the extent Petitioner wishes to challenge the civil judgment in the *Nelson* lawsuit, he must do so by making the appropriate motion in the Northern District of California or by seeking an appeal in the time and manner required by the applicable Federal Rules of Appellate Procedure.

Finally, to the extent Petitioner wishes to attack his underlying sentence for his wire fraud conviction, he must do so by way of a motion attacking his sentence brought pursuant to 28 U.S.C. § 2255, and that the motion must be filed with the sentencing court, which is the Northern District of Texas. § 2255(a); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241.")

### III. Conclusion

Based upon the foregoing, the reference to the magistrate judge is vacated, and the pending Petition is summarily dismissed for lack of jurisdiction. The clerk is directed to enter a judgment of dismissal and notify Petitioner.

DATED: June 22, 2010

                                                    _____
                                                    PERCY ANDERSON
                                                    UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge